UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LADD AND SHANNON MAHLER | CIVIL ACTION |
| VERSUS | NO. 07-6997 |
| LEXINGTON INSURANCE COMPANY | SECTION:  "C" (4) |

## ORDER

     This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. The plaintiffs, Ladd and Shannon Mahler ("Plaintiffs"), have submitted a motion for remand (Rec. Doc. 11). Lexington Insurance Company ("Lexington") has not filed any opposition. Having considered the record, the memorandum and the law, the Court has determined that it lacks jurisdiction for the following reasons. Therefore, the motion to remand is **GRANTED**.

     The plaintiffs filed suit in state court for damages caused by Hurricane Katrina and allegedly due under their insurance policy with the Lexington. The defendant removed based on diversity. Subsequently, the plaintiffs consummated a "binding stipulation" that the amount in controversy does not exceed $75,000.

1

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

The Court notes that it is the value of the plaintiffs' claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied. The Court finds that the allegations of the petition do not support a finding that it is facially apparent that the claims are likely above the jurisdictional minimum. Because the remaining coverage is necessarily affected by any insurance payments made, the defendant has not made a showing "sufficiently particularized" to meet its burden. Finally, the "binding stipulation" is strong evidence that the amount in controversy on the date of removal was less than the jurisdictional minimum. Thus, the Court finds that the defendant has failed to meet its burden of proof under these circumstances. Consequently, the motion to remand is **GRANTED** (Rec. Doc. 11).

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the 34th Judicial District for the Parish of St. Bernard, State of Louisiana, for lack of jurisdiction under 28 USC §

1447(c).

New Orleans, Louisiana, this 10th day of December, 2007.

                                                  HELEN G. BERRIGAN
                                                  UNITED STATES DISTRICT JUDGE